UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHARLES A. BRASINGTON,

         Petitioner,

 -against-            9:17-CV-0269 (LEK)

THOMAS J. STICHT, Superintendent,
Wyoming Correctional Facility,

         Respondent.

## DECISION AND ORDER

**I. INTRODUCTION**

Petitioner Charles A. Brasington filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that trial counsel rendered constitutionally ineffective assistance of counsel. Dkt. No. 1 ("Petition") at 4. Respondent opposes the Petition. Dkt. Nos. 7 ("Memorandum"), 7-1 ("Answer"). For the reasons that follow, the Petition is denied.

**II. BACKGROUND**

On January 4, 2016, Petitioner appeared with defense counsel in the Chenango County Court regarding three indictments against him, two of which had been consolidated, and entered into a negotiated plea agreement. Dkt. No. 8 ("State Court Records") at SR 11, Ex. A. Under its terms, Petitioner agreed to plead guilty to one count each of second-degree grand larceny and third-degree grand larceny with respect to the consolidated indictment, as well as one count of second degree bail jumping with respect to the separate indictment. Id. at SR 11–13. In exchange, Petitioner would be sentenced as a predicate felon to an indeterminate term of four to eight years' imprisonment on the second degree grand larceny count, to run consecutively with a sentence of

three to six years' imprisonment on the third degree grand larceny count. Id. at SR 11–12.
Petitioner would be sentenced to an indeterminate term of one-and-a-half to three years
imprisonment on the bail jumping count, and that sentence would run concurrently with the
sentences imposed on the grand larceny charges. Id. at SR 13. The agreement also required
Petitioner to pay restitution and waive his right to appeal any of the convictions. Id. at SR 11–13.

Petitioner stated to the County Court that defense counsel answered all of his questions
and that he was satisfied with his representation. Id. at SR 18. Petitioner confirmed that he
understood that he normally had the right to representation by counsel on appeal, that his plea
agreement waived his right to appeal, and that he waived this right "freely and voluntarily." Id. at
SR 19–20. Petitioner pleaded guilty to the charges pursuant to the plea agreement. Id.
at SR 20–26.

On February 19, 2016, Petitioner appeared with defense counsel for sentencing. Id.
at SR 32, Ex. C. The County Court sentenced Petitioner to the agreed-upon term of imprisonment
and ordered him to pay $15,000 restitution. Id. at SR 39–41. Pursuant to the plea agreement,
Petitioner executed waivers of his right to appeal for the consolidated and bail jumping
indictments. Id. at SR 42. He acknowledged that he reviewed the waivers with defense counsel
and that counsel answered any questions he had before he signed them. Id.

In papers dated October 2, 2016, Petitioner filed a pro se motion with the New York State
Supreme Court, Appellate Division, Third Department, requesting an extension of time in which
to file a notice of appeal from the judgment of conviction. Id. at SR 1–4. In an affidavit in
support of this motion, Petitioner asserted that defense counsel "never advised [him] in writing of
the need to serve and file a notice of appeal" within thirty days of being sentenced, as required by

2

the Third Department's Rules of Practice. Id. at SR 3 (citing 22 N.Y.C.R.R. § 821.2(a)). He asserted that he advised defense counsel in March 2016 that he "wish[ed] to appeal." Id.

In his attorney affirmation filed regarding Petitioner's motion, defense counsel stated that he "did not advise [Petitioner] in writing of the need to serve and file a notice of appeal within 30 days of his sentencing," because Petitioner waived in writing his right to appeal with respect to "all of his pleas," and defense counsel had "no record of receiving a letter from" Petitioner stating that he wished to appeal his conviction. Id. at SR 45–46.

In a Decision and Order dated November 10, 2016, the Third Department denied Petitioner's motion. Id. at SR 62. Petitioner moved for reargument, asserting that his motion papers and defense counsel's attorney affirmation made it "crystal clear that we suffered an 'inability to communicate.'" Id. at SR 63–64. In a Decision and Order dated January 12, 2017, the Third Department denied reargument. Id. at SR 67. This action followed.

## III. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas corpus relief

> with respect to a claim adjudicated on the merits in state court unless the adjudication of that claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

The Supreme Court has explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded

3

jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'" Nevada v. Jackson, 133 S. Ct. 1990, 1992 (2013) (per curiam) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)). Additionally, the AEDPA prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Parker v. Matthews, 567 U.S. 37, 38 (2012) (per curiam) (quoting Renico v. Lett, 559 U.S. 766, 779 (2010)). Federal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with "clear and convincing evidence." Id. at 473–74 (quoting § 2254(e)(1)). "A state court decision is based on a clearly erroneous factual determination if the state court 'failed to weigh all of the relevant evidence before making its factual findings.'" Lewis v. Conn. Comm'r of Corr., 790 F.3d 109, 121 (2d Cir. 2015) (quoting Doe v. Menefee, 391 F.3d 147, 164 (2d Cir. 2004)). Finally, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits[.]" Johnson v. Williams, 568 U.S. 289, 301 (2013).

**IV.    DISCUSSION**

Petitioner contends that defense counsel rendered ineffective assistance by failing to advise him of his right to appeal in writing and failing to file a notice of appeal on his behalf. Pet. at 4. Generally, to demonstrate constitutionally ineffective assistance of counsel, a petitioner must show that (1) counsel's performance fell below an objective standard of professional reasonableness; (2) but for counsel's alleged errors, the result of the proceedings would have been different; and (3) as a result, the petitioner suffered prejudice. Premo v. Moore, 562 U.S. 115, 121–22 (2011) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). The standard

4

"must be applied with scrupulous care" in habeas proceedings, because such a claim "can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial [or in pretrial] proceedings." Id. A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

The Court finds that Petitioner is not entitled to habeas relief because he fails to establish that defense counsel's performance was not professionally reasonable. First, Petitioner does not allege that defense counsel failed to consult with him about taking an appeal from the judgment of conviction and, as explained below, the record does not support this assertion. Rather, Petitioner alleges that defense counsel failed to "inform [him] of his appeal rights in writing as required by" the Third Department's Rules of Practice. Pet. at 2. However, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Therefore, Petitioner's assertion that defense counsel's failure to provide written information regarding his appeal rights violated state law does not entitle him to habeas relief.

Second, the record does not support Plaintiff's assertion that he directed defense counsel to file a notice of appeal on his behalf. During the plea proceeding, Petitioner acknowledged that he understood that he had the right to appeal his conviction, and that he "knowingly and voluntarily" agreed to waive this right pursuant to the plea agreement. State Ct. Recs. at SR 19–20. Furthermore, at his sentencing, Petitioner acknowledged on both appeal waiver forms that defense counsel informed him that he had the right to appeal, and that, by signing the

5

waivers, he "knowingly and voluntarily waive[d his] right to appeal." Id. at SR 58–59. Finally, defense counsel's affirmation submitted regarding Petitioner's pro se motion in the Third Department indicates that, contrary to Petitioner's assertion, defense counsel never received a letter from Petitioner directing him to appeal the conviction. Id. at 45–46. The available evidence contradicts Petitioner's assertion that he directed defense counsel to file a notice of appeal, and he is therefore not entitled to habeas relief on this basis. See Mercedes v. Superintendent, No. 12-CV-687, 2014 WL 2711803, at *4 (N.D.N.Y. June 16, 2014) ("Petitioner's sworn statements on the record at sentencing, the Notice of Right to Appeal form, and counsel's sworn statement all support the conclusion that Petitioner did not instruct counsel to file a notice of appeal. Petitioner's current conclusory allegations to the contrary are insufficient to establish that counsel was ineffective for failing to file a notice of appeal.").

**V. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Petition (Dkt. No. 1) is **DENIED and DISMISSED**; and it is further

**ORDERED**, that no Certificate of Appealability ("COA") shall issue because Petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	January 02, 2018
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge